**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
NEWARK VICINAGE

| | | |
|---|---|---|
| MICHAEL DUKE REEVES, | : | |
| | : | Civil Action No. 15-1689(SRC) |
| Petitioner, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| ERIC B. HOLDER, | : | |
| ATTORNEY GENERAL ET AL. | : | |
| | : | |
| Respondents. | : | |

**CHESLER**, District Judge

This matter comes before the Court upon transfer by the Eastern District of New York of Petitioner's petition under 28 U.S.C. § 2241, accompanied by his application to proceed in forma pauperis. (Pet., Doc. No. 1; IFP Application, Doc. No. 2; Transfer Order, Doc. No. 7.) Petitioner is an alien detained at the Hudson County Corrections Facility after reinstatement of a prior removal order. (Pet. at 1.) For the following reasons, the habeas petition will be dismissed for lack of jurisdiction.

I.    **BACKGROUND**

Petitioner is a citizen of the Republic of Liberia, who was deported to Liberia as a result of a 1997 removal order. (Pet.

1

at 2.)  Petitioner was found in the United States on several occasions in 2002, but he was not detained or placed in removal proceedings.  (Id.)

On May 16, 2014, Immigration Customs and Enforcement ("ICE") agents detained Petitioner based on the 1997 removal order, and he was indicted for illegal reentry on June 4, 2014.  (Id.)  The District Court for the Eastern District of New York dismissed the reentry charge at the request of the Government because prosecution was barred by the statute of limitations.  (Id.)  Petitioner contends that "the process of reinstatement of the order was illegal and fundamentally unfair."  (Id.)

Petitioner's case was then referred to an asylum officer from United States Citizenship and Immigration Services ("USCIS"), and the officer found Petitioner has a reasonable fear of removal to Liberia, and referred his case to an immigration judge ("IJ") for further adjudication.  (Pet. at 3.)  On February 19, 2015, the IJ ruled that Petitioner's detention was governed by 8 U.S.C. § 236(a), and Petitioner was not subject to mandatory detention.  (Id.)  Therefore, he was granted a bond hearing, but he was found to be a flight risk and denied bail.  (Id.)

Petitioner asserted that he has significant claims to asylum/withholding, and because an asylum officer substantiated his claims, his detention without bail is unjust and

2

unreasonable, and violates his rights to due process and equal protection under the law. (Id.) Petitioner believes he may be detained for over three years while he seeks a U-Visa from USCIS to avoid removal to Liberia. (Pet. at 4.)

Petitioner described his claims in several ways. He asserted that the reinstatement process was defective because "it reinstated an order that was too defective to form the basis for the conviction of a reentry charge." (Id.) Petitioner alleged that his continued detention is unlawful because he is no longer under a final administrative order of removal, thus habeas review is available for detention governed by 8 U.S.C. § 1226(a). (Id. at 6.)

Petitioner requested the following relief:

> (a) Assume jurisdiction over this matter
> (b) Enter a ruling that a reinstatement of the order was unlawful and in violation of the law.
> (c) Order Respondents to show cause, within three days of filing this petition, why the writ of habeas corpus should not be granted; and set a hearing on this matter within five days of Respondents' return on the order to show cause, pursuant to 28 U.S.C. 2243;
> (d) Grant the writ of habeas corpus and order petitioner's immediate release from custody under reasonable conditions of supervision;
> (e) Grant any other and further relief that this court deems just and proper.

(Pet. at 7.)

## II. DISCUSSION

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief, the judge must dismiss the petition and direct the Clerk to notify the petitioner.

Petitioner contends his detention is unlawful because he is no longer under a final administrative order of removal. (Pet. at 6.) This is true in a sense, but he is not detained under the final 1997 removal order. Petitioner is detained under the reinstatement of the removal order.

The REAL ID ACT of 2005 "eliminated the availability of habeas corpus relief in the district courts for aliens seeking to challenge orders of removal." Kolkevich v. Att'y Gen. of U.S., 501 F.3d 323, 326 (3d Cir. 2007). Under the REAL ID Act, a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter. 8 U.S.C. § 1252(a)(5).

The Third Circuit Court of Appeals has determined that the REAL ID Act allows review, by an appropriate court of appeals, of reinstatement of a removal order under § 1231(a)(5), although

4

the reinstatement falls under a different provision of the Act from final removal orders. Debeato v. Att'y Gen., 505 F.3d 231, 234-35 (3d Cir. 2007); Dinnall v. Gonzales, 421 F.3d 247, 251 n. 6 (3d Cir.2005)("an order reinstating a prior removal order is the functional equivalent of a final order of removal.") (citation and internal quotation marks omitted). Thus, habeas review by a District Court is inappropriate because the REAL ID Act sought to:

> limit all aliens to one bite of the apple with regard to challenging an order of removal, in an effort to streamline what the Congress saw as uncertain and piecemeal review of orders of removal, divided between the district courts (habeas corpus) and the courts of appeals (petitions for review).

Bonhonmetre v. Gonzales, 414 F.3d 442, 446 (3d Cir.2005) (citation omitted).

Furthermore, framing the issue as a due process challenge to removal proceedings does not remove the claim from the realm of the REAL ID Act and make it appropriate for habeas review in District Court. See Verde-Rodriguez v. Atty. Gen., 734 F.3d 198, 205 (3d Cir. 2013)(allegation of procedural flaw in immigration hearing that led to removal order was not subject to habeas review).

Petitioner also appears to claim that he is entitled to habeas review because his detention is governed by 8 U.S.C. § 1226(a), citing to Guerra v. Shanahan, No. CIV.A 14-CV-4203(KMW)

5

[2014 WL 7330449] (S.D.N.Y. Dec. 23, 2014). (Pet. at 6.) The issue in Guerra was whether the petitioner was entitled to a bond hearing pursuant to 8 U.S.C. § 1226(a) because reinstated removal orders cannot be final while withholding applications are pending, therefore, earlier review of detention is required.[1] Guerra, 2014 WL 7330449, at *2. The District Court found that Guerra was entitled to a bond hearing, and granted such relief in a habeas proceeding. Id. The basis for habeas review under § 2241 was Guerra's challenge of the statutory framework that permitted his detention without bail. Id. at *2, n.2; see also Diop v. ICE/Homeland Sec., 656 F.3d 221, 235 (3d Cir. 2001) ("We do not believe that Congress intended to authorize prolonged,

---

[1]
> By way of background, federal law contains two distinct provisions governing an alien's detention while removal proceedings are pending. Section 1226(a) allows federal immigration authorities to detain an alien during removal proceedings, subject to a bond hearing. 8 U.S.C. § 1226(a). Section 1226(c), entitled "Detention of criminal aliens," however, provides for mandatory detention of certain criminal aliens. Immigration authorities may not provide such aliens with a bond hearing. They may release such aliens only for limited purposes not relevant here, relating to the alien's service as a testifying or cooperating witness. Id. § 1226(c)(2).

Straker v. Jones, 986 F.Supp.2d 345, 351 (S.D.N.Y. Dec. 10, 2013).

6

unreasonable, detention without a bond hearing.") The Supreme Court found that district courts have jurisdiction to hear such challenges. Guerra, 2014 WL 7330449, at *2 (citing Kim v. Demore, 538 U.S. 510, 517 (2003)).

Here, Petitioner was provided a bond hearing, and bond was denied. (Pet. at 3.) The fact that Petitioner was entitled to a bond hearing under § 1226(a) does not entitle him to habeas review over the reinstatement of his removal order. Petitioner's challenge is to the reinstatement of his removal order, and he may only bring this challenge in the appropriate court of appeals pursuant to the REAL ID Act.

### III. CONCLUSION

For the reasons discussed above, the habeas petition will be dismissed because this Court lacks jurisdiction.

Dated: March 17, 2015

STANLEY R. CHESLER
United States District Judge