**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
NEWARK VICINAGE

| | | |
|---|---|---|
| MICHAEL DUKE REEVES, | : | |
| | : | Civil Action No. 15-1689(SRC) |
| Petitioner, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| ERIC B. HOLDER, | : | |
| ATTORNEY GENERAL, ET AL. | : | |
| | : | |
| Respondents. | : | |

**CHESLER**, District Judge

This matter comes before the Court upon transfer by the Eastern District of New York of Petitioner's self-styled "Application for Issuance of Injunction Compelling ICE to Hold Nunc Pro Tunc Asylum Hearing Case 14CR00324" (hereinafter "Application")(ECF No. 10.) For the following reasons, the application will be dismissed for lack of jurisdiction.

**I.   BACKGROUND**

Petitioner is a citizen of the Republic of Liberia who was deported as a result of a 1997 removal order. (Pet. at 2, ECF No. 1.) On May 16, 2014, Immigration Customs and Enforcement ("ICE") agents detained Petitioner based on the 1997 removal

1

order, and he was indicted for illegal reentry on June 4, 2014. (Id.) The District Court for the Eastern District of New York dismissed the reentry charge at the request of the Government because prosecution was barred by the statute of limitations. (Id.)

Petitioner's case was then referred to an asylum officer from United States Citizenship and Immigration Services ("USCIS"), and the officer found Petitioner has a reasonable fear of removal to Liberia, and referred his case to an immigration judge ("IJ") for further adjudication. (Pet. at 3.) On February 19, 2015, the IJ ruled that Petitioner's detention was governed by 8 U.S.C. § 236(a), and Petitioner was not subject to mandatory detention. (Id.) Therefore, he was granted a bond hearing, but he was found to be a flight risk and denied bail. (Id.) On March 17, 2015, this Court found that a petition for review filed with the appropriate court of appeals is the sole and exclusive means for judicial review of a reinstatement of a removal order, and dismissed the habeas petition for lack of jurisdiction. (ECF Nos. 8 and 9.)

Petitioner filed the present application in the Eastern District of New York on March 6, 2015, requesting injunctive relief compelling ICE to hold an asylum hearing based on his 1997 removal order. (ECF No. 10.) The Eastern District of New York transferred Petitioner's application to this Court. (Id.)

Petitioner alleges his right to due process was violated when he was deprived of an asylum hearing in connection with his 1997 final removal order.

## II. DISCUSSION

Petitioner contends he applied for asylum on September 9, 1990, and his right to due process was violated because he was never granted an asylum hearing. (Application at 2.) Petitioner's 1997 final removal hearing occurred after an amendment to the Immigration Act of 1990 stripped Petitioner of his right to apply for asylum because he committed a serious crime. (Id. at 3-4 (citing 8 U.S.C. § 1158(d) and 8 U.S.C. § 1253(h)(2)(B)). Petitioner, however, filed his request for asylum before the amendment took effect. (Id.)

The Court construes Petitioner's application for an injunction ordering a hearing on his 1990 asylum application as a motion to reopen his 1997 final removal order. See Pllumi v. Atty Gen. of U.S., 642 F.3d 155, 161 (3d Cir. 2011)("the time limit for a motion to reopen does not apply if the motion relates to an asylum application and is based upon changed country conditions proved by evidence that is material and was not available and could not have been discovered or presented at the previous proceeding")(citing 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)). The proper avenue to seek such relief is by making a motion to reopen to the Board of Immigration

3

Appeals. See generally Phik Ha Lie v. Atty Gen. of U.S., 349 F. App'x 706, 710 (3d Cir. 2009)(finding Board of Immigration Appeals had jurisdiction over motion to reopen proceedings under 8 C.F.R. § 1003.2, and Court of Appeals had jurisdiction to review the Board's decision under 8 U.S.C. § 1252(a)). Thus, this Court lacks jurisdiction over Petitioner's application for an injunction compelling ICE to hold an asylum hearing on his 1990 asylum petition.

For the reasons discussed above, the habeas petition will be dismissed because this Court lacks jurisdiction.

Dated: May  11  , 2015

STANLEY R. CHESLER
United States District Judge